UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GLENN HALBERT LEMON, JR.                                CIVIL ACTION

VERSUS                                                   NO. 16-6631

KENNER POLICE DEPARTMENT ET AL.                          SECTION "E" (2)

## REPORT AND RECOMMENDATION

Plaintiff, Glenn Halbert Lemon, Jr. is a prisoner currently incarcerated in the Jefferson Parish Correctional Center ("JPCC") in Gretna, Louisiana. He filed this complaint pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 against four defendants, Jan-Michael Gregory, Christina Santos and Arthur Coll, all of whom are alleged to be Kenner police officers; and the Kenner Police Department itself. Record Doc. No. 1 (Complaint at ¶ III (B) - (E), p. 4). Lemon alleges that he was falsely arrested in an improper traffic stop and then charged on outstanding traffic attachments and a narcotics-related offense. Id. (attachment at p. 7). He seeks $1 million in monetary damages, dismissal of "all traffic and criminal pending charges" and the criminal prosecution of Officer Gregory for perjury. Id. at ¶ V, p. 5.

Specifically, Lemon's complaint alleges that on May 16, 2015, at about 9:20 p.m., Officer Gregory "illegally" stopped Lemon while Lemon was driving through Kenner in his Lincoln Navigator. Id. at ¶ IV, p. 4. Plaintiff alleges that the officer told him he "was being pulled over for rear seat window tint," but Lemon asserts that Louisiana law "does not prohibit multi-passenger vehicles or multi-purpose passenger vehicles from

having rear window tint." Id. at ¶ IV, p. 4. He accuses all three individual defendants, including the other two police officers who were Gregory's backup, of "failing to know the law." Id. at pp. 4-5.

Lemon further alleges that Officer Gregory "falsified [the] traffic citation" Lemon received by "saying he utilized a tint meter" to verify that Lemon's vehicle's window was improperly tinted, when in fact a subsequent test of the vehicle conducted by Lemon's criminal defense lawyer resulted in a showing of nothing more than "the factory tint." Id. at ¶ IV (attachment), p. 7. Lemon states that the initial improper traffic stop "resulted to (sic) me being arrested for traffic attachments, and accused of putting narcotics under Officer Jan-Michael [Gregory's] police unit back seat." Id. at ¶ IV (attachment), pp. 8-9. Plaintiff states that he has been "falsely accused." Id. at ¶ IV (attachment), p. 9.

Lemon's written submissions concede in three separate allegations that the criminal charges against him resulting from the traffic stop remain pending against him in the Jefferson Parish state trial court. Id. at ¶'s III(A), p. 3; and V, p. 5 and p. 6 (attachment to complaint). These pending criminal charges are the ones he seeks to have dismissed by this court, as stated in the "relief" section of his form Section 1983 complaint. Id. at ¶ V, p. 5. Lemon further states that "the current status" of his criminal case, as of May 9, 2016, is "awaiting (decision from Supreme Court of Louisiana) appeal decision from higher court." Id. (attachment to complaint) at p. 6.

2

## ANALYSIS

I.   STANDARDS OF REVIEW

A prisoner's pro se complaint for alleged civil rights violations must be screened by the court as soon as practicable after docketing, regardless whether it has also been filed in forma pauperis. 28 U.S.C. § 1915A(a); Thompson v. Hicks, 213 F. App'x 939, 942 (11th Cir. 2007); Lewis v. Estes, 242 F.3d 375, 2000 WL 1673382, at *1 (8th Cir. 2006); Shakur v. Selsky, 391 F.3d 106, 112 (2d Cir. 2004); Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998); Lewis v. Sec'y, DOC, No. 2:10-CV-547-FTM-29, 2013 WL 5288989, at *2 (M.D. Fla. Sept. 19, 2013), aff'd, 589 F. App'x 950 (11th Cir. 2014). Such complaints by prisoners must be dismissed upon review if they are frivolous or fail to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); Lewis, 589 F. App'x at 952; Thompson, 213 F. App'x at 942; Shakur, 391 F.3d at 113; Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999).

"A federal court may dismiss a claim in forma pauperis 'if satisfied that the action is frivolous or malicious.'" Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994) (quoting former 28 U.S.C. § 1915(d), now incorporated in 28 U.S.C. § 1915(e), as amended). A complaint is frivolous "if it lacks an arguable basis in law or fact." Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998); Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). The law "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the

complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

"'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'" Davis, 157 F.3d at 1005 (quoting McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997)). "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under the section 1915(d) standard is not." Moore, 976 F.2d at 269. A prisoner's in forma pauperis complaint which fails to state a claim may be dismissed sua sponte at any time under 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

In this case, plaintiff's complaint may be dismissed under 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1), either as frivolous, because his claims lack an arguable basis in law, or under Rule 12(b)(6) in light of his testimony explaining the factual basis of his claims. Plaintiff's complaint, as amended by his testimony at the Spears hearing, fails to state a claim under the broadest reading.[1]

---

[1] The court must "liberally construe briefs of pro se litigants and apply less stringent standards to parties proceeding pro se than to parties represented by counsel," Smith v. Lonestar Constr., Inc., 452 F. App'x 475, 476 (5th Cir. 2011) (quotation omitted); Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994), and I have done so in this case.

II.     ARREST AND CRIMINAL PROCEEDINGS

Lemon claims that he was falsely arrested and charged after an improper traffic stop and that the defendants violated his constitutional rights in doing so. All such claims must be dismissed at this time under Heck v. Humphrey, 512 U.S. 477 (1994).

In Heck, the Supreme Court held that a civil action for alleged civil rights violations that attacks the validity of state confinement, which has not been reversed, expunged, invalidated, or called into question by a federal court's issuance of a writ of habeas corpus, is not cognizable under Section 1983.

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486-87 (emphasis in original) (footnote omitted). Although the Supreme Court's decision in Heck concerned a civil action for monetary damages, the United States Court of Appeals for the Fifth Circuit has also applied Heck in cases in which the plaintiff seeks injunctive relief, as Lemon does in this case. Clarke v. Stalder, 154 F.3d 186, 189 (5th Cir. 1998) (en banc) (citing Edwards v. Balisok, 520 U.S. 641, 117 S. Ct. 1584 (1997)).

Plaintiff's claims are clearly connected to the validity of his present confinement. Heck, 512 U.S. at 479 (Convicted prisoner's Section 1983 action for damages barred because it challenged the conduct of state officials who allegedly "'had engaged in an 'unlawful, unreasonable, and arbitrary investigation' leading to petitioner's arrest; 'knowingly destroyed' evidence 'which was exculpatory in nature and could have proved [petitioner's] innocence'; and caused 'an illegal and unlawful voice identification procedure' to be used at petitioner's trial."); Ruiz v. Hofbauer, 325 F. App'x 427, 431 (6th Cir. 2009), cert. denied, 130 S. Ct. 413 (2009) (Section 1983 claims were barred when convicted inmate alleged that defendants violated his civil rights "to maliciously prosecute plaintiff by tampering with 'Brady exculpatory evidence' and using the prosecutor's office and Michigan State Police to take that evidence and withhold it from plaintiff [sic] during the course of the malicious prosecution."); White v. Fox, 294 F. App'x 955, 958 (5th Cir. 2008) ("If we were to find that prison officials altered and destroyed evidence relevant to the [disciplinary] charges against White, that judgment would necessarily imply the invalidity of his subsequent convictions and sentences on those charges."); Penley v. Collin County, 446 F.3d 572, 573 (5th Cir. 2006) ("To the extent that the district court were to award Penley damages on his claim regarding the destruction of evidence and the loss of the opportunity for DNA testing, the validity of his conviction would be implicitly questioned.").

Lemon alleges that he is currently a pretrial detainee awaiting further proceedings on various charges, all arising from the challenged traffic stop on May 16, 2015, and its immediate aftermath. His confinement has <u>not</u> been set aside in any of the ways described in <u>Heck</u>. On the contrary, plaintiff clearly states three times in his complaint that the charges against him remain pending, including a writ application to the Louisiana Supreme Court. Independent research by staff of the undersigned magistrate judge of the state court record in "State of Louisiana v. Glenn Lemon," Case No. 15-3894, Division "J" of the 24th Judicial District Court for Jefferson Parish, has established that the Louisiana Supreme Court recently denied his writ application, <u>State v. Lemon</u>, – So.3d –, 2016 WL 3136985; La. S. Ct. Order, 5/20/16; La. S. Ct. Writ Application, 2016-KK-0608, and remanded the criminal case against Lemon to the state trial court, where it remains pending at this writing.

Thus, any claims for relief that Lemon asserts, challenging his arrest, pending charges and continuing confinement, are barred and must be dismissed under <u>Heck</u>. As the Fifth Circuit has noted, the dismissal of plaintiff's Section 1983 claims is with prejudice to their being asserted again until the <u>Heck</u> conditions are met. <u>Johnson v. McElveen</u>, 101 F.3d 423, 424 (5th Cir. 1996).

III. <u>HABEAS CLAIMS</u>

As noted above, Lemon's complaint in part challenges the very fact and duration of his confinement in connection with the pending criminal charges against him.

7

Although his complaint is styled as a civil rights action and was filed on a "Form to be Used by a Prisoner in Filing a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983," Lemon clearly challenges the validity of his present confinement and seeks his release and dismissal of the criminal charges. His Section 1983 complaint is not the proper action in which to assert these habeas corpus claims.

A prisoner who challenges the very fact or duration of his physical confinement and who seeks judgment that would entitle him to release must pursue habeas corpus relief rather than civil rights relief under Section 1983. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Clarke v. Stalder, 121 F.3d 222, 226 (5th Cir.), reh'g en banc granted & opin. vacated, 133 F.3d 940 (5th Cir. 1997), rev'd in part on other grounds & opin. reinstated in relevant part, 154 F.3d 186, 187 (5th Cir. 1998) (en banc); Caldwell v. Line, 679 F.2d 494, 496 (5th Cir. 1982). Thus, although Segue filed his complaint on a form reserved for Section 1983 complaints, his claims invoke habeas corpus type relief because he challenges the fact of his conviction and confinement. Clarke, 121 F.3d at 226; Hernandez v. Spencer, 780 F.2d 504, 504 (5th Cir. 1986).

A fundamental prerequisite to federal habeas relief is the exhaustion of all claims in state court before requesting federal collateral relief. Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)); Nobles v. Johnson, 127 F.3d 409, 419 (5th Cir. 1997). "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims."

Whitehead, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); Rose, 455 U.S. at 519-20)).

"The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." Id. (citing Picard v. Connor, 404 U.S. 270, 275-78 (1971)). "A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement. . . . This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application." Id. (citing Picard, 404 U.S. at 275-78; Nobles, 127 F.3d at 420). A court may notice sua sponte the lack of exhaustion. McGee v. Estelle, 722 F.2d 1206, 1214 (5th Cir. 1984) (en banc).

In the present case, Lemon does not allege and there is no indication that he has exhausted his state court remedies in connection with his present incarceration. He asserts that his petition to the Louisiana Supreme Court was pending at the time he filed this lawsuit. Accordingly, plaintiff's claims seeking habeas corpus relief must be dismissed without prejudice to require him to pursue state court remedies concerning his criminal charges, before returning to this court with a properly filed habeas corpus petition after he has exhausted his state court remedies.

IV.  IMPROPER DEFENDANT

Lemon has named the Kenner Police Department as a defendant. However, a police department is not a legal entity with the capacity either to sue or to be sued.

9

Section 1983 claims may be asserted only against "persons" as the statute and case law define that term. The Kenner Police Department is not an entity that can be sued under Section 1983 because it is not a juridical entity under state law capable of being sued and/or because it is not a person for purposes of suit under Section 1983.

Under Louisiana law, a police department is not a legal entity or person capable of being sued. Martin v. Davis, No. 06-1770, 2007 WL 763653, at *2 (E.D. La. Mar. 8, 2007) (Berrigan, C.J.) (citing La. Rev. Stat. § 33:361; Causey v. Parish of Tangipahoa, 167 F. Supp. 2d 898, 909 (E.D. La. 2001); Manley v. State, No. 00-1939, 2001 WL 506175, at *2 (E.D. La. May 11, 2001); Norwood v. City of Hammond, No. 99-879, 1999 WL 777713, at *3 (E.D. La. 1999); Boudreaux v. Bourgeois, No. 98-3809, 1999 WL 804080, at *3 (E.D. La. 1999); Dugas v. City of Breaux Bridge, 757 So. 2d 741, 744 (La. App. 3d Cir. 2000)); accord Hicks v. Page, No. 10-cv-0084, 2010 WL 2243584 (W.D. La. Feb. 26, 2010); Ruggiero v. Litchfield, 700 F. Supp. 863, 865 (M.D. La. 1988). The State of Louisiana grants no such legal status to any law enforcement office or department. Liberty Mut. Ins. Co. v. Grant Parish Sheriff's Dep't, 350 So. 2d 236 (La. App. 3d Cir.), writ refused, 352 So. 2d 235 (La. 1977). The Kenner Police Department is not a "person" for purposes of Section 1983 liability.

Under these circumstances, all claims against the Kenner Police Department must be dismissed as legally frivolous.

## RECOMMENDATION

For all of the foregoing reasons, it is **RECOMMENDED** that plaintiff's Section 1983 complaint be **DISMISSED WITH PREJUDICE** as legally frivolous and/or for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1), and that his habeas claims be **DISMISSED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[2]

New Orleans, Louisiana, this ___30th___ day of June, 2016.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[2]Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.